943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ABBOUD MARKET, INC., d/b/a Shop-N-Go Square Deal, Plaintiff-Appellee,
v.
Edward MADIGAN, Secretary, United States Department of
Agriculture, et al., Defendants-Appellants.
 No. 90-3695.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1991.
 
 Before BOGGS, Circuit Judge, BAILEY BROWN, Senior Circuit Judge, and GIBBONS, District Judge.*
 PER CURIAM.
 
 
 1
 The Secretary of Agriculture, Edward Madigan,[1] appeals from a decision of the district court overturning the sanction of permanent disqualification from participation in the food stamp program that he levied against Abboud Market ("Abboud") for having trafficked in food stamps in violation of 7 U.S.C. § 2011, et seq. The district court instead levied a fine of $30,000 against Abboud. For the following reasons, we reverse the district court's determination and reinstate the Secretary's sanction of permanent disqualification.
 
 
 2
 * This case arises out of an investigation into allegations that Abboud trafficked in food stamps. Charges of trafficking are first subject to administrative adjudication. 7 U.S.C. §§ 2021, 2023. If the Secretary determines that a store has trafficked in food stamps, he must send a notice by certified mail or personal service informing the store of that fact. The store then has ten days from the date of delivery of that notice to submit a written request for administrative review of that determination. 7 U.S.C. § 2023(a). The store may also submit "information in support of its position to such person or persons as the regulations may designate." Ibid. The Secretary's determination upon review shall become final unless the store files a complaint in a federal district court or a state court of competent jurisdiction within thirty days of the date of delivery or service of the final determination requesting the court to set it aside. Ibid. "The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action...." Ibid.
 
 
 3
 The determination of which sanction to impose for a trafficking violation is committed to the discretion of the Secretary. 7 U.S.C. § 2021. Upon the first instance of a trafficking violation, the Secretary is commanded by statute to disqualify the violator permanently from participation in the food stamp program, except that:
 
 
 4
 the Secretary shall have the discretion to impose a civil money penalty of up to $20,000 in lieu of disqualification under this subparagraph, for such purchase of coupons or trafficking in coupons or cards that constitutes a violation of the provisions of this chapter, ... if the Secretary determines that there is substantial evidence that such store or food concern had an effective policy and program in effect to prevent violations of the chapter and the regulations.
 
 
 5
 7 U.S.C. § 2021(b)(3)(B).
 
 
 6
 The Secretary has promulgated regulations to govern the exercise of his discretion. One of these regulations, 7 C.F.R. § 278.6(b)(2)(i-ii), requires a store to request the Secretary to consider levying a fine against the store rather than disqualifying it permanently from the program. A store that fails to make this request within ten days from the receipt of the notice of the Secretary's initial decision waives subsequent eligibility for that sanction. 7 C.F.R. § 278.6(b)(1)(iii).
 
 
 7
 In this case, the Secretary mailed to Abboud a notice of his initial determination that Abboud had trafficked in food stamps. Abboud availed itself of its right to administrative appeal within the required ten days. However, Abboud did not request that it be considered eligible for the fine in lieu of the permanent disqualification.
 
 
 8
 The Secretary reaffirmed his judgment upon appeal. The Secretary declared Abboud disqualified permanently from participation in the food stamps program. Abboud again availed itself of its right to appeal, this time filing suit in the Eastern District of Michigan. Abboud again did not request that it be punished by a fine instead of permanent disqualification; it merely argued that it had not engaged in trafficking.
 
 
 9
 The district court conducted a de novo review of the Secretary's determination, and found that Abboud had trafficked in food stamps. It also conducted a de novo hearing on the issue of the propriety of the sanction levied against Abboud. The Secretary objected to this hearing, arguing that a district court had no authority to conduct hearings in connection with a de novo review of the sanction levied by the Secretary. The Secretary's objection was overruled, and the district court heard evidence not presented to the Secretary regarding the policy and program that Abboud had in place to prevent violations of the food stamp statute and the regulations promulgated thereunder. After hearing this evidence, the district court ruled that permanent disqualification from participation in the food stamp program was an improper sanction, and levied instead a $30,000 fine against Abboud. The Secretary's timely appeal followed.[2]
 
 II
 
 10
 * This appeal involves one narrow issue: Did the district court act within its authority in conducting a de novo review of the sanction levied by the Secretary against Abboud? Because we hold that it did not, we reverse the district court's judgment.
 
 
 11
 7 U.S.C. § 2023 governs the scope of judicial review of the Secretary's levy of sanctions for violations of the statute and regulations governing participation in the food stamp program. We interpreted § 2023 in Woodard v. United States, 725 F.2d 1072 (6th Cir.1984). The Secretary argues that Woodard clearly established that the Secretary's decisions regarding violations of the statute and its regulations are reviewable under a de novo standard, but that the Secretary's decision to apply a particular sanction for such violations is reviewable only under the arbitrary and capricious standard.
 
 
 12
 We agree with the Secretary. "Determination of a sanction to be applied by an administrative agency, if within bounds of its lawful authority, is subject to very limited judicial review." Woodard, 725 F.2d at 1077, quoting Kulkin v. Bergland, 626 F.2d 181, 184 (1st Cir.1980). We stated that this court reviews sanctions imposed by the Secretary for violations of the guidelines for participation in the food stamp program only to determine if they are " 'unwarranted in law ... or without justification in fact...." Id., quoting Butz v. Glover Livestock Commission Co., 411 U.S. 182, 185-89 (1973). We also quoted the House Report to the bill enacting § 2023 that "[t]he trial de novo as set forth in section 14 [section 2023] should be limited to a determination of the validity of the administrative action, but not of the severity of the sanction." Woodard, 725 F.2d at 1078, quoting H.R.Rep. No. 464, 95th Cong., 1st Sess. 397-98, reprinted in 1977 U.S.Code Cong. & Admin.News 1978, 2326-27. This standard has been held to be identical to the arbitrary and capricious standard by the First Circuit in Broad Street Food Market, Inc. v. United States, 720 F.2d 217, 220 n. 1 (1983), a case that we cited with approval in Woodard.
 
 
 13
 In light of this unequivocal language, Abboud's argument that a district court has the power to conduct de novo reviews of the appropriateness of particular sanctions imposed by the Secretary is unpersuasive. As one panel in this circuit is without the power to overrule a prior determination by another panel on the same issue, Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 689 (6th Cir.1985), we are compelled by Woodard to reverse the district court's de novo examination of the Secretary's imposition of a sanction of permanent disqualification on Abboud.
 
 B
 
 14
 Normally, we remand a case to the district court when we determine that it wrongly applied the law in reaching a judgment. In this case, however, that option is not open to us. We stated in Woodard that a court reviewing the imposition of sanctions by the Secretary must do so in light of the administrative record. Woodard, 725 F.2d at 1077. The reason for this is obvious. A court reviewing the Secretary's decision to impose a particular sanction is not in reality reviewing the sanction; rather, it is reviewing the exercise of discretion that expressed itself in the precise sanction imposed. The Secretary can only exercise discretion over those circumstances and facts that he is aware of, and that foundation for the exercise of discretion can only be found in the administrative record. Any power of the court to add to the administrative record by taking new evidence would therefore improperly broaden its review from one of the Secretary's exercise of discretion to one of the sanction itself.
 
 
 15
 We have no administrative record in this case on which to base any review of the Secretary's discretion. It is undisputed that Abboud did not request the Secretary to consider imposing a fine. In response to questioning during oral argument, Abboud's counsel also stated that no information was given to the Secretary regarding Abboud's policy to prevent violations of the food stamp program guidelines. Abboud's counsel also stated at oral argument that his client was not deterred from presenting such evidence because of the earlier failure to request consideration for imposition of the fine within the ten days allotted by regulation. As the statute permits the Secretary to impose a fine in lieu of permanent disqualification only if he finds that such a policy was both present and effective, the failure of Abboud to place at least some evidence of its policy in the administrative record prevents any court from finding that the Secretary's sanction, which was authorized by the statute, was arbitrary and capricious.[3]
 
 III
 
 16
 For the foregoing reasons, we REVERSE the district court's judgment and REINSTATE the Secretary's determination that Abboud is disqualified permanently from participation in the food stamps program.
 
 
 
 *
 The Honorable Julia Smith Gibbons, United States District Judge for the Western District of Tennessee, sitting by designation
 
 
 [1]
 Secretary Madigan was not the Secretary of Agriculture when this appeal was entered. The Secretary at the time of the appeal, Clayton Yeutter, resigned, and Secretary Madigan was appointed to replace him. In accordance with Rule 43(c), Fed.R.App.P., we substitute Secretary Madigan's name for that of Secretary Yeutter
 
 
 [2]
 Abboud does not cross-appeal from the judgment
 
 
 [3]
 The Secretary urges on appeal that Abboud can be found ineligible for consideration for the imposition of a fine in lieu of permanent disqualification solely because it waived its right for such consideration when it failed to request consideration within the ten-day period spelled out in the regulations. Abboud did not argue on appeal that this regulation was an illegal abnegation of the discretion committed to the agency by law. Abboud was in no way influenced by the regulation in his failure to offer any evidence regarding the existence of his anti-violation policy. We choose, therefore, to uphold the Secretary based on the lack of any administrative record that could entitle Abboud to consideration for a fine