Charles **GOLDSTEIN**, d/b/a Chucky's Drive In Grocery, Plaintiff–Appellant,

v.

**UNITED STATES of America,** Defendant–Appellee.

No. 92–6342.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 8, 1993.

Nov. 12, 1993.

S. Denise McCrary (briefed), Wagerman & Seligstein, Memphis, TN, for plaintiff-appellant.

Daniel A. Clancy, U.S. Atty., Robert M. Williams, Jr., Asst. U.S. Atty., David A. Craig, Asst. U.S. Atty. (briefed), Memphis, TN, for defendant-appellee.

Before: MARTIN and BOGGS, Circuit Judges; and JOINER, Senior District Judge.*

BOGGS, Circuit Judge.

Plaintiff Charles Goldstein, d/b/a Chucky's Drive In Grocery in Memphis, Tennessee, appeals a district court order affirming a decision of the Food and Nutrition Service ("FNS") of the United States Department of Agriculture permanently disqualifying his business from participating in the food stamp program. For the reasons discussed herein, we affirm the district court's order.

I

Goldstein owns and operates a grocery and deli store in a low-income neighborhood. He began participating in the food stamp program in April 1985. By signing the certification on his application to participate in the program, he acknowledged that he understood that his authorization to accept food stamps could be revoked if any of his employees committed violations. Food stamp purchases constituted a significant portion of the income of Goldstein's store. He claims that hardship would be created for the area if his store were not allowed to accept food stamps.

In 1989, the FNS conducted a routine compliance investigation of Goldstein's store, in which an undercover agent on a number of occasions purchased ineligible items (*e.g.*, soap) with food stamps and traded stamps for cash, in violation of food stamp statutes and regulations. Goldstein claimed to have been unaware of the illegal transactions and fired the two employees involved upon learning of their participation in the transactions. He further claimed that he had training sessions with his employees, instructing them on the applicable regulations.

With no prior warnings, the FNS charged Goldstein with violating the regulations by sending him a "charge letter" on August 7, 1989. The letter outlined the factual findings of the investigation and advised Goldstein of his right to respond before a final decision would be made. The FNS contends that it received no response from Goldstein until after the expiration of the ten-day period in which he could preserve his right to seek a civil fine in lieu of the sanction of permanent disqualification. However, Goldstein has produced a letter dated August 15, 1989, explaining his preventative actions and requesting a hearing.

* The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

On September 1, 1989, the FNS permanently disqualified Goldstein from participating in the food stamp program. After administrative review, the sanction was affirmed. Goldstein subsequently sought judicial review in federal court. The district court, after a *de novo* bench trial, sustained the sanction in August 1992. Goldstein appeals to this court.

## II

An approved retail food store, such as Goldstein's, may be temporarily disqualified from participation or be fined for violating the food stamp statutes and regulations. 7 U.S.C. § 2021(a); 7 C.F.R. § 278.6(a). If the disqualification is based upon "trafficking" in coupons (*i.e.*, trading food stamps for cash), disqualification is to be permanent. 7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(a), (e)(1). However, the FNS, in its discretion, may impose a civil money penalty in lieu of disqualification for trafficking if it finds substantial evidence that the store had an effective policy and training program in effect to prevent violations of the statutes and regulations. 7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(a), (i), (j).

When a store is disqualified, notice must be given to the store of the administrative action. The store then may file, within ten days, a written request for an opportunity to submit to the FNS information supporting its position. If no request is made or information submitted, the administrative determination is final. If the request is made, the FNS is to review the information submitted, as well as any other available information. A determination is then made, which is, subject to review provisions, final and takes effect in thirty days. The store may obtain judicial review of this final determination in a United States district court. The suit in the district court is a trial *de novo* by the court in which the court is to determine the validity of the questioned administrative action. 7 U.S.C. § 2023(a); 7 C.F.R. § 278.6(b), (c).

■ Goldstein does not contest the finding that his store had engaged in trafficking. Rather, he argues that the district court erred in upholding the sanction of permanent disqualification. He contends that a civil money penalty was warranted because he received no prior warnings, lacked any intent to violate the anti-trafficking regulations, did not benefit from the trafficking, and had a training program for his employees.

■ We recently examined the scope of judicial review under 7 U.S.C. § 2023 in *Abboud Market, Inc. v. Madigan*, 1991 WL 165656 No. 90–3695 (6th Cir. Aug. 29, 1991) (unpublished), and take this opportunity to reiterate that scope. "Determination of a sanction to be applied by an administrative agency, if within bounds of its lawful authority, is subject to very limited judicial review." *Woodard v. United States*, 725 F.2d 1072, 1077 (6th Cir.1984) (citing *Kulkin v. Bergland*, 626 F.2d 181, 184 (1st Cir.1980)); *Martin v. United States*, 459 F.2d 300, 301–02 (6th Cir.), *cert. denied*, 409 U.S. 878, 93 S.Ct. 129, 34 L.Ed.2d 131 (1972). Once the trial court has confirmed that the store has violated the statutes and regulations, the court's only task is to examine the sanction imposed in light of the administrative record in order to judge whether the agency properly applied the regulations, *i.e.*, whether the sanction is "unwarranted in law" or "without justification in fact." *Woodard*, 725 F.2d at 1077 (quoting *Butz v. Glover Livestock Comm'n Co., Inc.*, 411 U.S. 182, 185–89, 93 S.Ct. 1455, 1458–59, 36 L.Ed.2d 142 (1973)). If the agency properly applied the regulations, then the court's job is done and the sanction must be enforced. The trial *de novo* is limited to determining the validity of the administrative action; the severity of the sanction is not open to review. *Woodard*, 725 F.2d at 1078 (quoting H.R.Rep. No. 464, 95th Cong., 1st Sess. 397–98, *reprinted in* 1977 U.S.C.C.A.N. 1978, 2326–27).

Thus, the question before us is whether the FNS acted within its authority in permanently disqualifying Goldstein from the food stamp program. Because Goldstein was found to have violated the regulations by trafficking in food stamps, the penalty of permanent disqualification from participation in the program was imposed. 7 C.F.R. § 278.6(a) states that the FNS may impose the sanction of disqualification for a violation of the statutes or regulations; such disqualification shall be permanent if the disqualification is based on trafficking. Further, the regulations do not require that, before per-

manent disqualification is imposed, a store owner receive a warning, intend to violate the regulations, or benefit from the trafficking. *See Woodard,* 725 F.2d at 1076 (sanction for trafficking regardless of owner's lack of knowledge of violation); *Freedman v. United States Dept. of Agriculture,* 926 F.2d 252, 261 n. 13 (3d Cir.1991) (noting that permanent disqualification of even an "innocent owner" is consistent with the legislative history of the statutes and regulations). The regulations thus authorize the FNS to prescribe the sanction imposed in this case.

The regulations confer on the FNS discretion to mitigate, by imposing only a civil money penalty, the sanction of permanent disqualification for trafficking and the regulations also require the satisfaction of certain criteria before such discretion may be exercised. 7 C.F.R. § 278.6(i). As the decision to mitigate relates to the severity of the sanction, the FNS's denial of Goldstein's request for a civil money penalty in lieu of permanent disqualification is precluded from our review by 7 U.S.C. § 2023 and *Woodard.*

Goldstein relies on *Muse v. United States,* No. 89–2941–TUA (W.D.Tenn. Sept. 18, 1991). *Muse* is factually similar to Goldstein's case. In *Muse,* the district court, after a trial *de novo,* found that a store employee had trafficked in food stamps and that the administrative decision was "justified in fact." However, the court, relying on 7 C.F.R. § 278.6(d), reversed the trafficking charge, on the grounds that the store owner had no knowledge of the trafficking, did not benefit from the trafficking, and had no intent to traffic. 7 C.F.R. § 278.6(d) requires the FNS, in making a disqualification or penalty determination, to consider the nature and scope of the violations, any prior warnings given by the FNS, and any other evidence showing the store's intent to violate the regulations. Thus, based on the lack of evidence of intent to traffic, the *Muse* court held the sanction of permanent disqualification to be "unwarranted in law."

The court in *Muse* exceeded the scope of judicial review under 7 U.S.C. § 2023, as explained in *Woodard* and *Martin.* Once the court determined that trafficking had occurred and that the FNS had exercised its authority under 7 C.F.R. § 278.6(e)(1)(i) in permanently disqualifying the store for traf-

ficking, the court's job was done. Because the regulations so clearly require permanent disqualification for trafficking and leave mitigation of the sanction to the discretion of the FNS, the *Muse* court erroneously held the sanction imposed by the FNS unwarranted in law. While § 278.6(d) does require a consideration of any evidence of intent to violate the regulations, that consideration bears on the severity of the sanction imposed where a store is not permanently disqualified for trafficking. *See* 7 C.F.R. § 278.6(e)(1)(ii), (2)–(7). The considerations in § 278.6(d) thus do not apply in this case.

Once the district court in this case found that Goldstein's store had engaged in trafficking and that the FNS lawfully had exercised its authority under 7 C.F.R. § 278.-6(e)(1)(i) in permanently disqualifying Goldstein from the food stamp program, the district court's review was complete. The district court properly concluded that the severity of the sanction was not within the scope of its *de novo* review.

### III

For the foregoing reasons, we **AFFIRM** the order of the district court.