**In re Lawrence PINKSTAFF, Debtor.**

**Kathleen PINKSTAFF, Plaintiff,**

**v.**

**Lawrence PINKSTAFF, Defendant.**

**Bankruptcy No. 91–34766.**
**Adv. No. 92–3177.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 10, 1994.

---

Amy Borman, John Straub, Toledo, OH, for plaintiff.

Mary Beth Moran, Toledo, OH, for defendant.

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND EXCEPTING DEBT FROM DISCHARGE

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court upon Kathleen Pinkstaff's ("Kathleen") motion for summary judgment on her complaint to except the debt of Lawrence Pinkstaff ("Debtor") from discharge under 11 U.S.C. § 523(a)(5). The Court finds that Kathleen's motion is well taken and should be granted.

### FACTS

Kathleen and the Debtor were married on December 30, 1969 and were granted a divorce in a divorce proceeding ("Divorce Proceeding") in the Lucas County Common Pleas Court ("Divorce Court") on May 24, 1991.

The Debtor filed a petition in bankruptcy in December, 1991.

On April 28, 1992, Kathleen filed this complaint objecting to the discharge of certain obligations imposed on the Debtor by the divorce decree (the "Decree").

The parties agree that the Debtor's obligations for the following are nondischargeable:

1. child support owed in the sum of $301.00 per month

2. sustenance and maintenance alimony and/or spousal support in the amount of $780.00 per month; and

3. prior arrearages of child support and alimony in the amount of $4,098.00.

*See* Agreed Statement of Facts, p. 1, para. 2, and p. 3, para. 1.

However, the parties disagree as to whether the Debtor's obligations under the Decree to reimburse Kathleen for a water bill in the amount of $53.26 (the "Water Bill") and attorneys fees for time and services expended

on Kathleen's behalf by her counsel during the Divorce Proceeding (the "Attorneys Fees") are nondischargeable.

Kathleen has provided the affidavit (the "Affidavit") of John Straub who served as Kathleen's counsel in the Divorce Proceeding. The Affidavit incorporates a copy of the Decree by reference. *See* Affidavit at p. 2, para. 7.

Kathleen and the Debtor had three children at the time of the Decree. *See* Decree at p. 2., para. 7. One of their children was legally emancipated. *See* Decree at p. 2, para. 7. Kathleen and the Debtor were each awarded custody of one child. *See* Decree at p. 3, para. 11.

The Divorce Court found that Kathleen had total adjusted gross income in 1989 of $19,431.00. *See* Decree at p. 4, para. 13. The Divorce Court further found that, despite the fact that Kathleen was then working two jobs, she had a "significant financial necessity which she [was] unable to satisfy through her own efforts". *See* Decree at p. 7, para. 25.

The Divorce Court found that the Debtor's average adjusted gross income for the period of 1987 through 1989 was $50,208.00. *See* Decree at p. 4, para. 14.

The Decree states that the Debtor failed to comply with orders of the Divorce Court requiring temporary alimony, temporary child support, and payments on the former marital home.

The Decree ordered the Debtor "to repay [Kathleen] the sum of $53.26 as and for the water obligation owing previously ordered to have been paid by [Debtor]". *See* Decree at p. 16, para. 2. The Affidavit states that the Divorce Court had previously ordered the Debtor to pay all utility expenses at the former marital residence during the Divorce Proceeding including water bills. *See* Affidavit at p. 2, para. 6.

The Decree further ordered the Debtor to pay Kathleen $5,160.00 "as and for alimony and expenses of suit, including attorney fees, less one-half of any funds paid to [Kathleen] by counsel for [Debtor] in accordance with [the Decree]" as set forth in a trial exhibit (the "Fee Exhibit") listing fees and expenses of Kathleen's counsel in the Divorce Proceeding. *See* Decree at p. 17, para. 2. The parties agree that the amount owed for the Attorneys Fees was reduced by a payment of $929.04 and presently totals $4,231.04. *See* Kathleen's Memorandum in Support of Motion for Summary Judgment at p. 4; Debtor's Motion for Summary Judgment at p. 1. The Divorce Court found that the Fee Exhibit "represent[ed] a reasonable indication of the time and services expended on [Kathleen's] behalf by her counsel during a portion of the divorce proceeding but does not represent all of the time and services expended on [Kathleen's] behalf; much of the time and expenses described in [the Fee Exhibit] were expended as a clear result of the failure of [the Debtor] to resolve issues, negotiate reasonably and to comply with orders issued by [the Divorce Court]". *See* Decree at p. 9, para. 30. The Affidavit further states that the Attorneys Fees did not include time expended on Kathleen's behalf at the trial of the Divorce Proceeding. *See* Affidavit at p. 2, para. 5.

## *DISCUSSION*

### STANDARD FOR SUMMARY JUDGMENT

The Court should grant summary judgment to the movant "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Fed.R.Civ.P. 56(c), made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7056. The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

The moving party must "identify[ ] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a gen-

uine issue of material fact". *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 56(c)).

However, the Court noted in *Anderson* that:

> Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.

*Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514.

## APPLICATION OF STANDARD FOR SUMMARY JUDGMENT TO THIS PROCEEDING

The Court must determine whether the Attorneys Fees and the Water Bill are "actually in the nature of alimony, maintenance, or support" under 11 U.S.C. § 523(a)(5)(B).

■ First, the Court is required to determine if the parties to the state court proceeding or the state court granting the divorce intended to create a support obligation. *Long v. Calhoun (In re Calhoun),* 715 F.2d 1103, 1109 (6th Cir.1983). A bankruptcy court may consider "any relevant evidence including those factors utilized by state courts" in making this determination. *Calhoun,* 715 F.2d at 1109 (footnote omitted).

■ This Court agrees with the court in *Gibson v. Gibson (In re Gibson)* that for cases "other than those involving hold-harmless provisions, assumptions of loans, or other hybrid provisions", if a court makes the determination that there was an intent to create an obligation for alimony, maintenance or support, the obligation is nondischargeable. *Gibson v. Gibson (In re Gibson),* 157 B.R. 366, 372 (Bankr.S.D. Ohio 1993) (footnote omitted); *see Fitzgerald v. Fitzgerald (In re Fitzgerald),* 9 F.3d 517, 521 (6th Cir. 1993) (stating that "where no one disputes that ... payments are anything except alimony payments, Congress has directed that they are not dischargeable"); *Singer v. Singer (In re Singer),* 787 F.2d 1033 (6th Cir. 1986) (noting that "[t]he three basic scenarios arising from [11 U.S.C. § 523(a)(5) ] are as follows: 1, if payment i.e. Settlement Agree-ment, is for alimony, maintenance, or support, the debt is nondischargeable; 2, conversely, if the payment, or Settlement Agreement is strictly a property settlement, the debt is dischargeable; 3, where there is a property settlement in connection with alimony, maintenance or support, the debt is nondischargeable"); *see also Forsdick v. Turgeon,* 812 F.2d 801, 804 (2nd Cir.1987) (stating that "[h]ad congress wished the bankruptcy court to consider the current impact of its decision on the parties in determining whether an alimony debt is dischargeable it could easily have so provided. Indeed, for educational loan obligations Congress did exactly that in § 523(a)(8)"); *c.f. Calhoun,* 715 F.2d at 1109–10 (inquiring into (1) "whether the state court or the parties to the divorce intended to create an obligation to provide support"; (2) "whether [a loan] assumption has the effect of providing that the daily needs of the former spouse and any children of the marriage are satisfied"; and (3) whether "the amount of support represented by the assumption is not so excessive that it is manifestly unreasonable under traditional concepts of support" in determining whether a debtor's obligation to hold a former spouse harmless on a loan constituted alimony, maintenance or support under § 523(a)(5)) (footnotes omitted). In *Fitzgerald,* the Sixth Circuit held that the "present needs" test in *Calhoun* does not apply to obligations denominated as alimony in a divorce decree and intended as alimony by the parties. *Fitzgerald,* 9 F.3d at 517. The court further indicated that *Calhoun* should not be read as "suggesting that alimony or support payments be reduced to necessary support". *Fitzgerald,* 9 F.3d at 521.

## The Attorneys Fees

The Attorneys Fees represent a nondischargeable alimony obligation under 11 U.S.C. § 523(a)(5).

■ As a preliminary matter, the Court notes that attorneys fees can represent nondischargeable alimony, maintenance or support under § 523(a)(5). *See Silansky v. Brodsky, Greenblatt & Renehan (In re Silansky),* 897 F.2d 743 (4th Cir.1990) (per curiam) (debt to former spouse's attorneys

arising from divorce decree was nondischargeable under § 523(a)(5)); *Williams v. Williams (In re Williams)*, 703 F.2d 1055 (8th Cir.1983) (debt to former spouse's attorney arising from divorce decree constituted nondischargeable support); *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2nd Cir.1981) (stipulated settlement agreeing to pay former spouse's counsel fees incorporated into divorce decree represented nondischargeable alimony, maintenance or support). "[T]he crucial issue is the function the award was intended to serve". *Williams*, 703 F.2d at 1057 (citations omitted). As the *Spong* court observed, "[a]n award of attorney's fees may be essential to a spouse's ability to sue or defend a matrimonial action" and therefore a necessity. *Spong*, 661 F.2d at 9 (citations omitted).

The Decree demonstrates the Divorce Court's intent to impose a support obligation on the Debtor for the Attorneys Fees.

The Decree specifically characterized the Debtor's obligation for the Attorneys fees as "alimony".

■ Further, in determining the intent of the Divorce Court, the Court must analyze the relative financial condition of the parties at the time of the divorce. The *Calhoun* court observed that "if without the loan assumption the spouse could not maintain the daily necessities, such as food, housing and transportation, the effect of [the obligation] may be found 'in the nature of support'". *Calhoun*, 715 F.2d at 1109 (citations omitted); *see Singer* 787 F.2d at 1035 (noting that "such circumstances as the presence of minor children, imbalance in the relative income of the parties, [and] the nature and duration of the obligation" may be considered in determining whether an obligation constitutes support) (citing *Shaver v. Shaver*, 736 F.2d 1314 (9th Cir.1984)).

■ This Court's analysis of the Decree which included a specific finding of financial necessity, the disparity in income between the parties and the fact that Kathleen was charged with caring for a minor child compel the conclusion that the Attorneys Fees represented spousal support. Here, as in *Fitzgerald*, where an obligation is specifically denominated as alimony and the obligation was intended to serve as alimony, the Court concludes that the obligation is nondischargeable. *Fitzgerald*, 9 F.3d 521.

## The Water Bill

■ The Court also finds that the debt owed by the Debtor to Kathleen for the Water Bill is nondischargeable under 11 U.S.C. § 523(a)(5).

Again, the Court concludes that the Decree demonstrates the Divorce Court's intent to impose a support obligation on the Debtor for the Water Bill based on the Divorce Court's specific finding of financial necessity, the relative financial condition of the parties, and the fact that Kathleen was charged with providing for a minor child.

■ Moreover, the fact that the Water Bill represented an obligation for the necessities of life imposed by the Divorce Court prior to the Decree compels the conclusion that the Debtor's obligation to pay the Water Bill represents support. *Calhoun*, 715 F.2d at 1109.

Therefore, since the divorce court intended to create an obligation for support, the Water Bill is nondischargeable. *C.f. Fitzgerald*, 9 F.3d at 517 (noting that once the court determined that parties intended an obligation to constitute alimony, further analysis was not required in deciding debt was excepted from discharge in case where obligation was specifically denominated as alimony).

The Court finds it important to note that, even prior to the Sixth Circuit's holding in *Fitzgerald*, bankruptcy courts in this circuit have found the searching inquiry set forth in *Calhoun* inapposite to the determination of whether an arrearage on an obligation in the nature of support such as the Water Bill is nondischargeable. *See McArtor v. Rowles (In re Rowles)*, 66 B.R. 628, 631 (Bankr. N.D.Ohio 1986) (finding *Calhoun* "present needs" analysis inapplicable to cases involving past-due obligations which are "clearly in the nature of alimony, maintenance or support" and, thus, holding that obligation to pay former spouse's expenses including tuition, clothing, automobile loan payments and utilities was nondischargeable under

§ 523(a)(5)); *see also Gibson,* 157 B.R. at 371 (finding *Calhoun* analysis inapplicable to support arrearages); *c.f. Fitzgerald,* 9 F.3d at 520 ("[finding] no case in which a court discharged past-due obligations that were intended as support by the state court or parties").

In light of the foregoing, it is therefore

ORDERED that Kathleen Pinkstaff's motion for summary judgment be, and it hereby is, granted. It is further

ORDERED that the debts owed by Lawrence Pinkstaff to Kathleen Pinkstaff for the Attorneys Fees and the Water Bill be, and they hereby are, excepted from discharge. It is further

ORDERED that the debts owed by Lawrence Pinkstaff to Kathleen Pinkstaff for child support in the amount of $301.00 per month, for sustenance and maintenance alimony and/or spousal support in the amount of $780.00 per month, and the prior arrearages in child support and alimony in the amount of $4,098.00 be, and they hereby are, excepted from discharge.