**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

IBAY, INCORPORATED, t/a Bay
Seafood,
<u>Plaintiff-Appellant,</u>

v.

No. 97-1558

UNITED STATES OF AMERICA,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CA-96-908-2)

Submitted: November 18, 1997

Decided: December 2, 1997

Before MURNAGHAN, HAMILTON, and
WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Jay Robbins, IV, NUNNALLY & ROBBINS, Norfolk, Virginia,
for Appellant. Anita K. Henry, Assistant United States Attorney,
UNITED STATES ATTORNEY'S OFFICE, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Appellant Ibay, Inc., appeals from a district court order granting Defendant's motion for summary judgment on its complaint seeking review of an administrative decision by the United States Department of Agriculture. On appeal, Ibay asserts the court erred by finding it failed to produce sufficient evidence to establish that it was entitled to a civil penalty in lieu of disqualification from participation in the food stamp program and by not conducting a de novo trial on the merits. Finding no reversible error, we affirm.

Ibay operated a store ("Bay Seafood") specializing in the sale of seafood. The store participated in the food stamp program. In March 1996, the Department of Agriculture, Food and Consumer Services Division ("FCS"), conducted an investigation into the food stamp practices at Bay Seafood. On two occasions, an undercover investigator sold food stamps to a store employee for cash in violation of food stamp statutes and regulations. In his application to participate in the food stamp program, Ibay's owner signed a certification acknowledging that he understood that his authorization to accept food stamps could be revoked if any of his employees violated the applicable statutes and regulations.

The FCS filed a formal charge against Ibay for illegal trafficking of food stamp coupons and gave Ibay the opportunity to submit documentation supporting its request for a civil penalty in lieu of permanent disqualification from participation in the food stamp program. Although given a lengthy extension, Ibay failed to provide any documentation at the administrative level, and Ibay's permanent disqualification was affirmed. Ibay submitted affidavits before the district court, but the court found the evidence insufficient to withstand summary judgment.

2

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. See Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). We review a grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). We conclude the district court properly granted the Defendant's motion.

The applicable statutes and regulations are clear that participants in the food stamp program may be disqualified or fined for various violations, and when the offense involves the trafficking of food stamp coupons, the sanction is permanent disqualification. **1** The FCS, in its discretion, may impose a civil penalty in lieu of disqualification under certain conditions if the store submits substantial evidence to support its request.**2** To qualify, the store must produce substantial evidence showing that: (1) it developed an effective compliance program; (2) both its compliance policy and program were in operation at the location where the violations occurred prior to the offenses in question; (3) the store had an effective training program in place and that the employee involved attended the program; and (4) neither the owner nor manager were aware of, approved of, or benefited from the illegal conduct.**3**

Ibay failed to present any evidence at the administrative level. Moreover, we find the conclusory affidavits it submitted below were insufficient to withstand summary judgment. Ibay did not present any dated training materials or other documentation showing the existence of an effective compliance program prior to the offenses or showing that the employee involved received such training. It simply produced affidavits stating that it had such programs and that neither the owner nor management was aware of, approved of, or benefited from the illegal trafficking.

_____

**1** See 7 U.S.C. § 2021(b)(3)(B) (1994).
**2** See 7 C.F.R. § 278.6 (i) (1997).
**3** Id.

We further reject Ibay's assertion that the district court erred by granting summary judgment instead of conducting a trial on the merits. The existence of a violation was undisputed. The only issue was the appropriate sanction. The applicable statutes and regulations give a reviewing court authority to review only the finding of a violation de novo; the extent of the sanction, as long as it is within the authority of the FCS, is subject to limited review.**4**  We find that Ibay failed to present substantial evidence that the FCS acted arbitrarily or capriciously in denying its request for a civil penalty in lieu of permanent disqualification. Since there were no issues of material fact, we find that the district court properly granted the Defendant's motion for summary judgment.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED
_____
**4 <u>See Goldstein v. United States</u>** , 9 F.3d 521, 523-24 (6th Cir. 1993).

4