NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0238n.06

No. 13-1759

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 31, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| KING COLE FOODS, INC., et al., | ) |
| | ) |
|     Plaintiffs-Appellants, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| UNITED STATES OF AMERICA, et al., | ) MICHIGAN |
| | ) |
|     Defendants-Appellees. | ) |

BEFORE: BOGGS and KETHLEDGE, Circuit Judges; RESTANI, Judge.[*]

PER CURIAM. King Cole Foods, Inc. and Salam Sam Manni, its owner and president (collectively, "Plaintiffs"), appeal the district court's judgment dismissing their civil complaint.

In September 2011, federal agents executed search warrants at King Cole Foods and its bank based on suspicion that store employees had violated regulations relating to the Supplemental Nutrition Assistance Program (SNAP). The agents seized SNAP payment processing equipment, currency, and bank account proceeds. Following the seizure, the United States Department of Agriculture Food and Nutrition Service (FNS) issued a charge letter to King Cole Foods, informing it that it may be permanently disqualified from accepting SNAP benefits. Plaintiffs requested a civil monetary penalty in lieu of permanent disqualification, but the FNS denied that request and permanently disqualified King Cole Foods from accepting SNAP benefits. Plaintiffs unsuccessfully sought further administrative relief.

---

[*]The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Plaintiffs filed a complaint in the district court, alleging, among other things, that imposition of the permanent disqualification was improper, that certain SNAP regulations are unconstitutionally vague, and that the FNS's actions violated their Fifth and Eighth Amendment rights. The district court granted the defendants' motion to dismiss, concluding that it lacked jurisdiction to review the FNS's choice of sanction, that the challenged SNAP regulations are not unconstitutionally vague, and that Plaintiffs failed to allege viable Fifth and Eighth Amendment claims.

On appeal, Plaintiffs argue that the district court erred by concluding that it lacked jurisdiction to review the FNS's choice of sanction and by dismissing their Fifth Amendment, Eighth Amendment, and vagueness claims. We review de novo a district court's decision regarding subject-matter jurisdiction. *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010). We likewise review de novo a district court's decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Jasinski v. Tyler*, 729 F.3d 531, 538 (6th Cir. 2013). To avoid dismissal, a plaintiff must allege facts that are sufficient to state a claim to relief that is plausible on its face. *Id.* In reviewing a motion to dismiss, we accept as true the factual allegations in the complaint and construe the complaint in the light most favorable to the plaintiff. *Id.*

Plaintiffs first argue that the district court erred by concluding that it lacked jurisdiction to review the FNS's choice of sanction. As Plaintiffs concede, however, we have previously held that the district court lacks jurisdiction to review the severity of the sanction, *see Bakal Bros. v. United States*, 105 F.3d 1085, 1088–89 (6th Cir. 1997); *Goldstein v. United States*, 9 F.3d 521, 524 (6th Cir. 1993), and this panel is bound by that determination, *see United States v. Mateen*, 739 F.3d 300, 305 (6th Cir. 2014).

Plaintiffs next argue that the district court erred by dismissing their Fifth Amendment claim because they adequately alleged that the FNS denied them due process in connection with the decision to permanently disqualify them from accepting SNAP benefits. The district court properly dismissed this claim because the allegations in the complaint did not demonstrate that Plaintiffs were denied notice and an opportunity to be heard. *See Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 634 (6th Cir. 2005).

To the extent that Plaintiffs argue that the seizure of their property constituted a "taking" under the Fifth Amendment, dismissal of this claim was proper because the property was seized pursuant to a lawful warrant during an investigation into possible violations of the law. *See Johnson v. Manitowoc Cnty.*, 635 F.3d 331, 336 (7th Cir. 2011); *Bennis v. Michigan*, 516 U.S. 442, 452 (1996).

Plaintiffs next argue that the district court erred by dismissing their Eighth Amendment claim because their permanent disqualification from processing SNAP benefits constituted an excessive fine. The Eighth Amendment states that, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Excessive Fines Clause "limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense." *United States v. Bajakajian*, 524 U.S. 321, 328 (1998) (citation and internal quotation marks omitted). The Plaintiffs' claim fails under the Eighth Amendment because a "fine" as understood in this context is "a payment to a sovereign as punishment for some offense," not the loss of an administratively granted privilege to process third-party federal benefits. *Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989).

Finally, Plaintiffs argue that the district court erred by dismissing their vagueness claim because the regulations set forth in 7 C.F.R. § 278.6(a) and (f)(1) are ambiguous concerning

when the FNS may impose a monetary penalty in lieu of a disqualification on the basis of hardship to SNAP households.  The district court properly dismissed this claim because there is no ambiguity in the challenged regulations.  Rather, they make clear that a finding of hardship to SNAP households permits imposition of a monetary penalty in lieu of a temporary disqualification, but not in lieu of a permanent disqualification.

Accordingly, we affirm the district court's judgment.